J-A05022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARIO ANTHONY RIZZUTO | : | |
| | : | |
| Appellant | : | No. 704 MDA 2021 |

Appeal from the Judgment of Sentence Entered March 9, 2021,
in the Court of Common Pleas of Luzerne County,
Criminal Division at No(s): CP-40-CR-0001348-2020.

BEFORE: OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED: JUNE 13, 2022**

Mario Anthony Rizzuto appeals from the judgment of sentence imposed after he pled guilty to several offenses involving thefts. Rizzuto's counsel filed a petition to withdraw representation and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967), to which Rizzuto responded *pro se*. Upon review, we grant counsel's petition, and affirm the judgment of sentence.

Briefly, the facts are as follows. On March 2, 2020, Rizzuto and his accomplice, Vazquez Valentin, broke into a vehicle parked at a residence. They stole multiple things from the vehicle including a firearm, two purses, various credit cards, money, and other personal items. Afterwards, Rizzuto and Vazquez used one of the credit cards to get food at a Friendly's

_____

[*] Former Justice specially assigned to the Superior Court.

Restaurant. Rizzuto and Vazquez also used the credit cards at several different convenience stores. The police interviewed Rizzuto, and he admitted to breaking into the vehicle because he was on drugs and needed money badly. Rizzuto also admitted, among other things, that he sold the firearm he stole to his drug dealer in exchange for crack.

Rizzuto was charged with 31 offenses including 2 counts of theft, possession of a firearm prohibited, and conspiracy to commit theft. On October 26, 2020, Rizzuto signed a written plea agreement with the Commonwealth, agreeing to plead guilty to these four charges, in exchange for the Commonwealth's withdrawal of the remaining charges.

Months later, at the March 9, 2021, sentencing hearing, Rizzuto asked the trial court for permission to withdraw his guilty plea, which it denied. The court then imposed an aggregate sentence of 90 to 180 months of incarceration.

Rizzutto filed post-sentence motions. Therein, he claimed that his sentence was unduly harsh, and that the trial court erred in refusing to allow him to withdraw his guilty plea. The court denied both motions.

Rizzuto filed this timely appeal. Counsel filed a petition to withdraw from representation and an **Anders** brief with this Court. Rizzuto filed a *pro se* response to the **Anders** brief.

When counsel files an **Anders** brief, and the appellant files a *pro se* or counseled response, this Court will first determine whether counsel has complied with the dictates of **Anders** and **Santiago**. **See Commonwealth**

*v. Bennett*, 124 A.3d 327, 333 (Pa. Super. 2015) (outlining proper procedure where counsel files an *Anders* brief and appellant files *pro se* response). If counsel has complied with the dictates of *Anders* and *Santiago*, we will address the issues raised in the *Anders* brief and conduct our independent examination of the record as to those issues. *See Bennett*, *supra*. If we determine those issues have no merit, we will then examine the appellant's *pro se* allegations. *See id.* In doing so, "[this] Court is limited to examining only those issues raised and developed in the [brief; we] do not act as, and are forbidden from acting as, appellant's counsel." *Id.* Notably, we do not conduct an independent review to determine whether there are any other nonfrivolous issues. *Contra Commonwealth v. Dempster*, 187 A.3d 266 272 (Pa. Super. 2018) (where the appellant does not file a *pro se* or counseled response and this Court conducts a simple independent review of the record to determine if there are any nonfrivolous issues counsel may have overlooked).

With this procedure in mind, we consider counsel's *Anders* brief. Pursuant to *Anders*, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Here, counsel has substantially complied with each of the requirements of *Anders*. Counsel indicated that he reviewed the record and concluded that Rizzuto's appeal is frivolous. Further, the *Anders* brief substantially comports with the requirements set forth by our Supreme Court in *Santiago*. Finally, the record included a copy of the letter that counsel sent to Rizzuto stating counsel's intention to seek permission to withdraw and advising Rizzuto of his right to proceed *pro se* or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review of

the issues raised in the **Anders** brief to determine whether Rizzuto's appeal is wholly frivolous.

In the **Anders** brief, counsel sets forth two issues of arguable merit:

I. Whether the trial court abused its discretion in refusing to permit [Rizzuto] to withdraw his guilty plea prior to sentencing.

II. Whether the trial court committed an error of law or abused its discretion in failing to modify [Rizzuto's] sentence in that the court failed to consider his rehabilitative needs and remorse.

**Anders** Brief at 1. Rizzuto likewise claims in his *pro se* response to the **Anders** brief that the trial court erred in denying his motion to withdraw his guilty plea but argues that his plea colloquy was defective. **See** *Pro Se* Response to **Anders** Brief, at 1-2. Therefore, we will consider that claim along with counsel's.

In the first issue, Rizzuto claims that the trial court erred in denying his request to withdraw his guilty plea prior to sentencing. Specifically, Rizzuto argues that he offered a legitimate reason for the court to allow him to withdraw his plea and that the Commonwealth would not be prejudiced. **Anders** Brief at 8. Rizzuto further claims that the guilty plea colloquy was flawed because the trial court did not review with Rizzuto the factual basis for the charges against him. *Pro se* Response to **Anders** Brief, at 1-2.

We review a trial court's ruling on a motion to withdraw a guilty plea for an abuse of discretion. **Commonwealth v. Islas**, 156 A.3d 1185, 1187–88 (Pa. Super. 2017). Pre-sentence withdrawal of a guilty plea is governed by Pennsylvania Rule of Criminal Procedure 591(A), which provides:

> (A) At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or nolo contendere and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591(A). The official comment to Rule 591 provides: "After the attorney for the Commonwealth has had an opportunity to respond, a request to withdraw a plea made before sentencing should be liberally allowed." ***Id.*** cmt. However, a defendant does not have an absolute right to such relief. In ***Commonwealth v. Carrasquillo***, 115 A.3d 1284 (Pa. 2015), our Supreme Court clarified that "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant" a pre-sentence motion to withdraw. ***Id.*** at 1285. Rather, the Court concluded that

> a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

***Id.*** at 1292. Thus, the ***Carrasquillo*** Court established that trial courts still have discretion to assess the plausibility of a defendant's claim of innocence. In doing so, "both the timing and the nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence, are relevant." ***Islas***, 156 A.3d at 1191.

> Consistent with the well-established standards governing trial court discretion, it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique

position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

***Commonwealth v. Norton***, 201 A.3d 112, 121 (Pa. 2019).

Here, Rizzuto made a request to withdraw his guilty plea at the sentencing hearing. Initially, he asserted his innocence and claimed that he told the police "I didn't do this," but they pushed him. N.T., 3/9/21, at 5. He continued, stating: "I would like to go to trial on this. I would really like to plead my case, if I could, please your honor, I really want to fight this case face to face, you understand, for what I'm involved in. What I am begging is for you know, a chance." Rizzuto further claimed that he did not review the discovery in his case. ***Id.*** The Commonwealth strongly opposed Rizzuto's request.

After listening to Rizzuto explain at length why he should be permitted to withdraw his plea, the trial court denied the motion and explained:

It's clear based on what's being articulated by [Rizzuto] . . . that he's simply concerned with what his sentence might be or what sentence he might receive at today's sentencing hearing and this is not a fair and just reason to allow him to withdraw his guilty plea at this time. He's talking about wanting to withdraw the plea but he keeps going back to hoping for leniency and hoping to do a certain amount of years in jail. It appears that it is simply a case where on the day sentencing the defendant is seeking to delay matters.

***Id.*** at 15. The court then sentenced Rizzuto.

Upon review of the record, we observe that Rizzuto's claim of innocence was meager at best. The trial court was not convinced by Rizzuto's

unsupported claims that he did not commit the crimes and that someone else was responsible. Given Rizzuto's admissions to police, this was not unreasonable. And, although Rizzuto claimed that he was under the influence when he made these admissions, he did not previously seek to have his statements suppressed. Further, Rizzuto waited months after entering his plea to ask to withdraw it. Thus, as the trial court concluded, Rizzuto did not set forth a fair and just reason to support his request to withdraw his plea that would promote fairness and justice. Trial Court Opinion, 7/16/21, at 5.

For these reasons, we conclude that the trial court did not abuse its discretion in denying Rizzuto's motion to withdraw his guilty plea, and this issue is frivolous.

On this issue, we consider Rizzuto's argument in his *pro se* response to the **Anders** brief. Rizzuto claims that the plea colloquy was defective because the trial court did not set forth the factual basis for the plea as required by Criminal Rule 590(B)(2) (comment). *Pro Se* Response at 1-2.

Our Supreme Court has explained that "[t]he factual basis requisite is among six elements, which . . . are essential to a valid plea colloquy." **Commonwealth v. Flanagan**, 854 A.2d 489, 500 (Pa. 2004) (citing, *inter alia*, Pa.R.Crim.P. 590(A)(2) (comment)). "The salutary purposes of the requirement include protecting against the situation ... [of] a defendant's mistaken plea to an offense that is not actually implicated by his conduct." **Id.** (citation omitted).

Preliminarily, we observe that Rizzuto did not challenge the validity of his guilty plea based on a defective plea colloquy at the trial court. He did not object to the colloquy or raise this issue in either his oral or written motion to withdraw the guilty plea. Consequently, because he did not raise this issue previously, it is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the [lower] court are waived and cannot be raised for the first time on appeal."). Issues that are waived are frivolous. *Commonwealth v. Kalichak*, 943 A.2d 285 (Pa. Super. 2008).

Returning to the two issues raised by counsel in the *Anders* brief, in the second issue, Rizzuto challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)).

In his Rule 2119(f) statement of reasons why he should be allowed to appeal the discretionary aspects of his sentence, Rizzuto claims that the trial court abused its discretion by imposing consecutive sentences. ***Anders*** Brief at 3. We note, however, that Rizzuto failed to raise this claim in his post-sentence motion or in his Rule 1925(b) statement. Consequently, he waived this issue. Again, waived issues are frivolous.

Additionally, Rizzuto claims in the argument section of the ***Anders*** brief, that the trial court failed to consider his rehabilitative needs and remorse. ***Anders*** Brief at 8. Regarding this claim, Rizzuto satisfied the first two requirements of ***Colon***. However, he did not include this issue in his Rule 2119(f) statement, and as a result, it could be deemed waived. Nonetheless, because the Commonwealth did not file a brief and object to this omission, we will address it. ***See Commonwealth v. Karns***, 50 A.3d 158, 166 (Pa. Super. 2012), *appeal denied*, 65 A.3d 413 (2013) ("If a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may not review the claim."). Accordingly, we consider whether Rizzuto's claims raise a substantial question.

A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Edwards***, 71 A.3d 323, 330 (Pa. Super. 2013) (citations and quotations omitted). The existence of a substantial question must be

determined on a case-by-case basis. ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536, 545 (Pa. Super. 1995).

"[O]rdinarily, a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor *does not* raise a substantial question." ***Id.*** (emphasis in original). However, this Court has held that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Caldwell***, 117 A.3d 763, 769-70 (Pa. Super. 2015) (*en banc*).

When we consider Rizzuto's claim that his sentence was unduly harsh together with his claim that the court failed to consider his rehabilitative needs and remorse, we conclude that he presents a substantial question. Therefore, we will address the merits of this claim.

> Our standard of review of a sentencing claim is as follows:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006).

In reviewing Rizzuto's sentencing claim, we first note that the trial court had the benefit of a pre-sentence report. "[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all

- 11 -

appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted).

Further, a review of the sentencing transcript reveals that the trial court was well aware of Rizzuto's drug addiction. The court heard Rizzuto apologize to the victims in the courtroom and admit that he played a part in the crimes. N.T., 3/9/21, at 3. However, the court also noted that Rizzuto had a substantial criminal history, and that the thefts, which involved several victims and a firearm, were very serious. Significantly, the court opined that Rizzuto had not "taken full advantage of opportunities he had been given in the past to reform his ways through other contacts in the criminal justice system . . . . " Instead, he ended up back in front of the court again. The court continued:

> The [c]ourt does feel that he does need to be held accountable and the [c]ourt does not want to impose any sentence that would diminish the serious nature of the offense or its impact on the victims. It appears [Rizzuto] is in need of a period of incarceration to address his underlying issues, which may be drug related and the like, and also for protection of the community.

***Id.*** at 19-20.

Based upon our review, it is evident that the trial court thoughtfully weighed all of the relevant factors in this case. On appeal, "[w]e cannot re-weigh the sentencing factors and impose our judgment in place of the sentencing court." ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa.

Super. 2009). Therefore, we conclude that the trial court did not abuse its discretion in sentencing Rizzuto. This issue is also frivolous.

Consequently, we conclude that neither counsel nor Rizzuto has identified any non-frivolous issues for us to address on appeal. Accordingly, we affirm Rizzuto's judgment of sentence and grant counsel's application to withdraw.

Petition to withdraw granted. Judgment of sentence affirmed.

Judge Olson joins the Memorandum.

President Judge Emeritus Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/13/2022